UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                         Case No. 6:06-cr-22-Orl-22LRH

JASON E. MADOW

**UNITED STATES' RESPONSE IN OPPOSITION TO MADOW'S MOTION TO QUASH THE WRIT OF GARNISHMENT**

In response to this Court's Order, Doc. 101, the United States opposes Jason Madow's requests for this Court to quash the wage garnishment, to hold a garnishment hearing and transfer jurisdiction, and to bar future subpoenas. *See* Docs. 98, 100. In support of its opposition, the United States submits the following memorandum of law.

### Memorandum of Law

**I.    Procedural History**

In 2006, Jason Madow pleaded guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371. Docs. 12, 26. He was sentenced to 41 months' imprisonment and ordered to pay $34,744,511.00 in restitution. Doc. 47. In the schedule of payments, upon release from custody, Madow was ordered to pay $100.00 per month "until such time as the Court is notified by [the defendant], the victim, or the government that there has been a material change in [the defendant's] ability to pay." Doc. 47 at 5.

In 2019, the Financial Litigation Unit began conducting its annual review of Madow's finances to assess his ability to pay and place him on a meaningful repayment plan. Madow refused to submit a Financial Disclosure Statement, twice. As a result, the United States issued subpoenas under Federal Rule of Civil Procedure 45 and learned that Madow earns approximately $4,375.00 per month. Based on this material change in Madow's economic circumstances, the United States moved for a wage garnishment.

## II.     Argument

The crux of Madow's argument is that this Court intended to limit his restitution liability to $100 per month—regardless of his ability to pay—thereby guaranteeing the mandatory restitution ordered would never be satisfied. This interpretation cannot be squared with the primary goal of the Mandatory Victim Restitution Act (MVRA), which is to make victims whole, or the rights afforded to victims under the Crime Victims' Rights Act (CVRA), which includes the right to "full and timely" restitution. 18 U.S.C. § 3771(a)(6). Nowhere in the judgment or the sentencing minutes does this Court prohibit the United States from employing judgment enforcement tools available under the MVRA.

>   a. **Contrary to his assertion, Madow's entire restitution balance is due and payable immediately, under 18 U.S.C. § 3572(i), because he defaulted on the Court ordered payment schedule.**

Madow incorrectly argues that this Court is guided by *United States v. Martinez*, 812 F.3d 1200 (10th Cir. 2015), which prohibits the United States from collecting more than $100 per month. He is wrong. *Martinez* is not binding precedent in this circuit, and it's distinguishable from the facts of this case.

Unlike *Martinez*, Madow defaulted on the Court's payment schedule years ago. Subsection (i) of section 3572 explains that, when a defendant defaults on a payment plan, the defendant must pay "the entire amount" of the restitution, "notwithstanding any installment schedule." 18 U.S.C. § 3572(i). A payment is delinquent if it is more than 30 days late, 18 U.S.C. § 3572(h), and then in default if it is more than 90 days late, 18 U.S.C. § 3572(i). That is precisely what happened here.

From August 2010 through May 2012, Madow consistently paid his $100 monthly payment. Upon termination of supervised release, however, his payments abruptly stopped. Once his June 2012 payment was 31 days late, Madow's entire restitution balance became due immediately under 18 U.S.C. § 3572(i).

3

After reviewing the file and noting the default, the United States issued a default demand letter to Madow on January 15, 2019. He resumed paying $100 per month on February 12, 2019. The resumption of payments, however, is insufficient to change the status of his debt from due and payable immediately. Madow neither brought the debt current nor paid the balance in full in accordance with the United States' demand. Despite his recent payments, Madow's debt remains in default and, therefore, is due and payable immediately.

> **b. Madow's writ of garnishment should be upheld, and this Court should not unnecessarily hold a garnishment hearing or transfer jurisdiction to the Northern District of Georgia.**

Madow's writ of garnishment should be upheld because Madow has not presented a valid claim for exemption or alleged that the United States failed to comply with the statutory requirements. For those same reasons, a garnishment hearing is not necessary and this Court should not transfer of jurisdiction to the Northern District of Georgia.

Under the Federal Debt Collection Procedures Act, a garnishment hearing is limited to two narrow grounds: (1) the validity of any claim of exemption, and (2) the government's compliance with the FDCPA's statutory requirements. 28 U.S.C. § 3202(d)(1)–(2). None of these statutory bases apply.

4

Madow cannot succeed on any of the limited grounds for objection. He has not asserted a claim for exempt property or alleged that the United States failed to follow any procedural requirements regarding the Writ. *See* Doc. 100. As the party objecting to the Writ, Madow was required to "state the grounds for [his] objection and bear[s] the burden of proving such grounds." 28 U.S.C. § 3205(c)(5). Madow has not—and cannot—meet his burden. Therefore, this Court should deny his request for a hearing.

Courts have routinely denied a garnishment hearing where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d) or where the objection was plainly without merit. *See United States v. Curlott*, United States District Court, Middle District of Florida, Case No. 8:04-cr-318-T-24EAJ, Doc. 41 (Order) (April 29, 2019); *See United States v. Montgomery*, United States District Court, Middle District of Florida, Case No. 5:10-cr-27-T-27PRL, Doc. 39 (Order) (June 20, 2019); *see also United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. Nov. 8, 2008) (holding "Defendant has not raised any valid exemption, nor has he alleged any colorable failure to comply with the statutory requirement. In these circumstances, no fact is in issue, and a hearing would be pointless."); *United States v. Furkin*, No. 97-3351, 1998 WL 846873, at *3–4 (7th Cir. 1998) (holding district court did not err in denying request for a hearing because a hearing was unnecessary when defendant did

5

not file a valid claim of exemption or challenge the government's compliance with the statutory requirements); *United States v. Latorre*, No. 3:12-CR-439-D(01), 2014 WL 3530830, at *2 (N.D. Tex. July 16, 2014) (hearing denied when proper exemption was not raised); *United States v. Janota*, No. 10-352(MJD), 2013 WL 1707921, at *1–2 (D. Minn. April 19, 2013) (hearing denied when the defendant did not assert any exemption; the court also noted that, based on the "limited record," there was no exemption that would be applicable and there was no indication that the government failed to comply with all applicable statutory requirements); *United States v. Otter*, No. 2:09-cr-25, 2011 WL 1843191, at *2 (W.D. N.C. May 16, 2011) (defendant not entitled to a hearing where defendant did not claim any exemptions and there was no dispute that the government complied with the procedural requirements of the garnishment statute); *United States v. Lucas*, No. 04-cr-0417, 2011 WL 1345674, at *2 (S.D. N.Y. April 4, 2011) (same).

Because Madow does not have hearing issues that are permitted by statute, this Court should deny his request for a garnishment hearing and request for transfer of jurisdiction to the Northern District of Georgia.

### c. Subpoenas issued under Fed. R. Civ. Pro. Rule 45 should continue to be permitted without prior court approval.

Enforcement tools and procedures available to the United States in collecting on a criminal restitution order are set forth in the FDCPA, 28

6

U.S.C. §§ 3001–3308. *See* 18 U.S.C. § 3613(a). The FDCPA permits the United States to seek discovery "regarding the financial condition of the debtor in the manner in which discovery is authorized by the Federal Rules of Civil Procedure." 28 U.S.C. § 3015(a).

Here, the United States used its civil discovery tools to enforce Madow's criminal restitution judgment by issuing a post-judgment subpoena within the bounds of the Federal Rules of Civil Procedure Rule 45. The United States use of a civil subpoena under Rule 45 was appropriate because it was reasonably calculated to lead to the discovery of relevant evidence related to Madow's financial condition. Madow seeks to stop future subpoenas because doing so would frustrate the United States' collection efforts, not because the United States issued the subpoenas improperly.

Accordingly, the United States opposes Madow's requests for this Court to quash the wage garnishment, to hold a garnishment hearing and transfer

jurisdiction, and to bar future subpoenas. *See* Docs. 98, 100. For the reasons explained above, his motions should be denied.

                                  Respectfully submitted,

                                  MARIA CHAPA LOPEZ
                                  United States Attorney

By:   *s/ Jillian M. Jewell*
       JILLIAN M. JEWELL
       Assistant United States Attorney
       Florida Bar Number 112974
       Financial Litigation Unit
       400 North Tampa Street, Suite 3200
       Tampa, FL 33602
       Telephone:   (813) 274-6065
       Facsimile:    (813) 274-6247
       E-mail: FLUDocket.mailbox@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties of record.

*s/ Jillian M. Jewell*
Assistant United States Attorney
