UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  Case No. 6:06-cr-22-Orl-22LRH

JASON E. MADOW

**UNITED STATES' RESPONSE IN OPPOSITION TO MADOW'S PROPOSED ARREARAGE PLAN IN LIEU OF A WAGE GARNISHMENT**

The United States opposes Jason Madow's request to pay his arrears over 36 months and then resume $100 monthly payments in lieu of a wage garnishment, Doc. 106. Accepting his proposal would violate the obligations owed to the victim. In light of the Defendant's current financial resources, the garnishment is an appropriate and meaningful repayment plan. In support thereof, the United States submits the following Memorandum of Law.

**MEMORANDUM OF LAW**

I.  **Background**

Madow failed to make approximately 81 of his monthly payments after termination of his supervised release in May 2012. Furthermore, at sentencing, he was ordered to make a partial lump-sum payment of $10,000 immediately, which he never made. Doc. 47 at p.5. Because he failed to make the $10,000 lump-sum payment and missed 81 monthly payments, his total arrearage is approximately $18,100.

Contrary to his assertions, Madow was not cooperative in paying his

restitution debt until the United States sought to garnish his wages. Doc. 103 at 2. He refused to submit a Financial Disclosure Statement on two occasions. *Id*. After his refusal to complete the financial disclosures, this office scheduled a debtor's exam in November 2020 to directly inquire as to Madow's current financial resources. Madow dialed into the telephonic conference but refused to answer any questions. He has provided nothing to support his statement that his arrears for over 7 years was "not willful, just not knowing." *See* Doc. 106 at 1.

In an attempt to avoid the wage garnishment, Madow's current proposal boils down to a request that he make a temporary payment of $325 per month ($225 to catch-up on arrearage for his 81 missed payments and $100 to stay current) for 36 months, and then pay only $100 per month. (This is not including the $10,000 he was ordered to pay immediately at the time of sentencing). His proposal does not meet the requirements of the Mandatory Victims Restitution Act (MVRA) or the Crime Victims Rights Act (CVRA), and fails to take into account his current ability to pay his restitution. Based on his offer to repay his arrearage over 36 months, it is undisputed that Madow can afford $325 monthly payments. As such, there is no grounds to then allow him to pay only $100 after the 36 month period. In fact, his current income supports an even greater payment, which is the relief requested in the United States' application for a writ of garnishment—setting a specific percentage of his income that will automatically be applied to his restitution debt.

## II. Legal Argument

### A. The MVRA imposes a duty to collect restitution for victims; payment plans should repay the debt as quickly as possible.

Madow's request conflicts with the MVRA, which requires that the United States aggressively enforce restitution orders, and that a payment plan should be made for the shortest time of repayment based on the circumstances.

The MVRA makes the Attorney General responsible for collecting restitution. 18 U.S.C. § 3612(c); *see also United States v. Phillips*, 303 F.3d 548, 550-551 (5th Cir. 2002) (reviewing the legislative history and concluding that "Congress directed the attorney general to aggressively enforce restitution orders with the 'inten[t] that the Department [of Justice] would commit the resources necessary to ensure that the rights of victims are enforced."). In enacting the CVRA, Congress imposed an affirmative duty on Department of Justice employees to use their "best efforts to see that crime victims" are accorded their rights, including their right to "full and timely" restitution. 18 U.S.C. § 3771(a)(6), (c). And, the CVRA further provides that the court "shall ensure" that crime victims are afforded their rights. 18 U.S.C. § 3771(b).

Payment plans should be for the shortest time in which the payment of the debt can reasonably be made. *See* 18 U.S.C. § 3572(d)(2) ("[T]he length of time over which scheduled payments will be made shall be set by the court, but shall be the shortest time in which full payment can reasonably be made.") Madow's debt will expire on June 19, 2029. Under his request, he will only pay an additional $18,200

3

toward his judgment. However, he has the ability to pay closer to $84,048. The MVRA and the CVRA require that he pay restitution to the best of his financial ability. There is no basis to justify allowing Madow to make nominal payments in lieu of the wage garnishment when he has the ability to pay significantly more. That the victim will not be fully compensated is irrelevant.

      **B.**    **Madow's changed economic circumstances affect his ability to pay.**

At the time of sentencing, this Court set a $100 payment plan for Madow upon his release from prison, which was reasonable and consistent with his limited means at that time. Madow was unemployed and about to serve 41 months in prison. He is in a substantially different financial position now, earning approximately $4,375.00 per month. Because he is making more, he should be paying more toward his restitution debt.

Under the MVRA, this Court may "adjust the payment schedule … as the interests of justice require," if there has been "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k); *see United States v. Gilmartin*, 803 F. App'x 538, 539 (2d Cir. 2020); *United States v. Grant*, 235 F.3d 95, 100 (2d Cir. 2000). To determine whether there has been a "material change," the court engages in "an objective comparison of a defendant's financial condition before and after a sentence is imposed." *Grant*, 235 F.3d at 100.

Madow earns approximately $4,375.00 per month. He cannot dispute that he

4

has a greater ability to pay now than upon his release from prison. His proposal for "catching up" on his seven year arrearage and then resume making $100 monthly payments does not take into account his current ability to pay. It is unreasonable in light of his current income. His request to resume nominal payments once his debt is "current," ignores the applicable law. In contrast, the wage garnishment sought by the United States properly takes into account his current income. It will result in forcing Madow to pay his restitution debt at the percentage of his income that Congress deemed appropriate.

**C.      The Garnishment is properly sought in this case.**

Under the Federal Debt Collection Practices Act, the United States has the right—and statutory obligation to collect on behalf of victims—25% of Madow's disposable earnings. *See* 18 U.S.C. § 3613 and 28 U.S.C. §§ 3002, 3202, and 3205. A wage garnishment would allow approximately $824.00 per month be paid to Madow's victim.

Garnishment is the most reasonable remedy available in order to comply with the mandates of the MVRA and CVRA in light of both Madow's changed financial ability to pay and his refusal to voluntarily disclose his financial ability to pay. He has demonstrated his intent to avoid meaningful repayment to his victim. The garnishment sought is the most appropriate method to collect his restitution and uphold the duties of the MVRA and CVRA to afford full and timely restitution to the victim of his offense.

### III. Conclusion

For the reasons stated above, this Court should deny Madow's request for a nominal payment plan in lieu of garnishment, Doc 106.

                                    Respectfully submitted,

                                    MARIA CHAPA LOPEZ
                                    United States Attorney

By:   *s/ Julie A. Simonsen*
        JULIE A. SIMONSEN
        Assistant United States Attorney
        Florida Bar Number 70647
        Financial Litigation Unit
        400 North Tampa Street, Suite 3200
        Tampa, FL 33602
        Telephone:  (813) 274-6065
        Facsimile:   (813) 274-6247
        E-mail: FLUDocket.mailbox@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties of record.

*s/ Julie A. Simonsen*
Assistant United States Attorney