# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                         **CASE NO: 6:06-cr-22-ACC-LRH**

**JASON E. MADOW**

_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **UNITED STATES WAGE GARNISHMENT APPLICATION (Doc. No. 96)** |
| **FILED:** | **November 10, 2020** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S EMERGENCY MOTION TO APPOINT PUBLIC DEFENDER AND MOTION TO QUASH AND OR STAY WRIT OF GARNISHMENT (Doc. No. 98)** |
| **FILED:** | **November 12, 2020** |

**THEREON** it is **ORDERED** that the motion is **DENIED WITHOUT PREJUDICE**.

| MOTION: | DEFENDANT'S CLAIM FOR EXEMPTIONS AND REQUEST FOR HEARING OR TRANSFER (Doc. No. 100) |
|---|---|
| FILED: | November 16, 2020 |

THEREON it is ORDERED that the motion is DENIED WITHOUT PREJUDICE.

| MOTION: | DEFENDANT'S MOTION FOR RELIEF (Doc. No. 106) |
|---|---|
| FILED: | December 3, 2020 |

THEREON it is ORDERED that the motion is DENIED WITHOUT PREJUDICE.

| MOTION: | MOTION TO TAKE JUDICIAL NOTICE (Doc. No. 113) |
|---|---|
| FILED: | January 12, 2021 |

THEREON it is ORDERED that the motion is DENIED WITHOUT PREJUDICE.

## I.    Background

Defendant Jason E. Madow pleaded guilty pursuant to a plea agreement to one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371.  (Docs. 12, 26).  He was sentenced on May 19, 2006 to a term of 41 months' imprisonment and 3 years of supervised release and was ordered to pay restitution in the amount of $34,744,511.00.  (Doc. 42).  Judgment was entered accordingly that same day.   (Doc. 47).   With respect to restitution, the Judgment provides that upon release from custody, the Defendant will make payments of $100.00 per month "until such

time as the Court is notified by [the Defendant], the victim, or the government that there has been a material change in [the Defendant's] ability to pay."   (*Id.* at 5).

Since that time, the Defendant, who is proceeding *pro se*, has attacked the restitution portion of his Judgment on several occasions, without success.   (*See* Docs. 67-69, 75, 82, 85-86, 88, 89, 94).   It also appears that the Defendant has failed to make his monthly payments for approximately the last 7 years.   (*See* Doc. 106).   On November 10, 2020, the United States filed a Wage Garnishment Application, in which the United States represents that the Defendant, who is no longer in custody, now earns approximately $4,375.00 per month, which the United States contends represents a material change in the Defendant's ability to pay.   (Doc. 96).   The United States therefore requests a wage garnishment be issued to the Defendant's employer.   (*Id.*).

In response to the United States' request, the Defendant has filed another slew of motions and other documents.   First, the Defendant filed an Emergency Motion to Appoint Public Defender and Motion to Quash and or Stay Writ of Garnishment.   (Doc. 98).   The Court denied the request for appointment of counsel, deferred ruling on the remaining portion of the Defendant's motion, and directed the United States to file a response.   (Doc. 99).   Second, the Defendant filed a Request for Hearing or Transfer and Claim for Exemptions.   (Doc. 100).   The United States filed timely responses in opposition to both of these motions.   (Docs. 101, 103).   Third, the Defendant filed an "Objection to Answer of Plaintiff's Motion for Writ of Garnishment, Motion to Support Transfer of Venue, and Issuance of Subpoenas Without Prior Court Approval."   (Doc. 105).   Fourth, the Defendant filed a "Motion for Relief," in which he requests that he be allowed to voluntarily pay the arrears for his restitution over a 36-month period.   (Doc. 106).   The United States has also filed a timely response to the Defendant's proposed arrearage plan.   (Doc. 111).   Fifth, the Defendant filed an unauthorized reply to the United States' response to the Defendant's proposed arrearage

plan.  (Doc. 112).   Sixth, and finally, the Defendant filed a Motion to Take Judicial Notice of the United States' receipt of $150,000.00 in net proceeds from the sale of a condominium.   (Doc. 113).

Each of these motions and related papers have been referred to the undersigned for consideration, and they are ripe for review.   For the reasons discussed below, the Wage Garnishment Application will be granted, a writ of garnishment will be issued, and each of the Defendant's motions will be denied without prejudice.

## II.      The Writ of Garnishment and Motion to Quash

The United States applies for a writ of wage garnishment to issue under 18 U.S.C. § 3613 and 28 U.S.C. §§ 3002, 3202, and 3205 directed to the Defendant's employer, HomeOwners Advantage, compelling his employer to pay to the United States either 25% of his weekly disposable income, or the amount by which his weekly income exceeds 30 times the federal minimum wage (currently $7.25).   (Doc. 96, at 2-3, citing 15 U.S.C. § 1673 and 28 U.S.C. § 3002(9)).

In support of the application, the United States represents that, as of November 10, 2020, the current balance of the restitution portion of the Defendant's criminal judgment, including accrued interest, is $59,955,386.71.   (*Id.* at 1-2).   In the schedule of payments set forth in the judgment, the Defendant was ordered to pay, upon release from custody, $100.00 per month "until such time as the Court is notified by [the defendant], the victim, or the government that there has been a material change in [the defendant's] ability to pay."   (Doc. 47, at 5; Doc. 103, at 1).

The United States issued a demand letter to the Defendant on January 29, 2019, along with a request for a financial disclosure statement.   (Doc. 96, at 2).   The United States represents that the Defendant cannot pay the amount due and has refused to submit a financial disclosure statement. (*Id.*).   Specifically, from August 2010 through May 2012, the Defendant consistently made his $100.00 monthly payments.   (Doc. 103, at 3).   However, upon termination of his supervised

release in June 2012, the Defendant ceased making payments.  (*Id.*).   The United States subsequently subpoenaed the Defendant's financial records and credit line applications, thereby discovering the Defendant's current employment and earnings of approximately $4,375.00 per month.   (Doc. 96, at 2).   Despite this material change in the Defendant's ability to pay, the Defendant refuses to pay more than the previously ordered $100.00 per month.   (*Id.*, *see also* Doc. 103, at 3).   As such, the United States has filed the present application for a wage garnishment, seeking to enforce the judgment against the Defendant.   (*Id.*, *see also* Doc. 103, at 2).

A.     *The Legal Standard*

The United States brings its Wage Garnishment Application to satisfy an outstanding restitution judgment under 18 U.S.C. § 3613(a).   That statute permits the United States to enforce a criminal judgment imposing a fine or restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal or State law."   18 U.S.C. § 3613(a).   *See also* 18 U.S.C. § 3613(f) ("[A]ll provisions of this section are available to the United States for the enforcement of an order of restitution.").   "The [Federal Debt Collections Procedure Act (the "FDCPA")] provides the exclusive civil procedures for the United States to obtain satisfaction of a judgment in a criminal proceeding that imposes a fine, assessment, penalty, or restitution in favor of the United States."   *United States v. Peters*, 783 F.3d 1361, 1363 (11th Cir. 2015) (citation and internal quotation marks omitted).   Several remedies are available under the FDCPA, including that "[a] court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor . . . ."   28 U.S.C. § 3205(a).

When the United States commences a proceeding to enforce a judgment, notice must be served on the judgment debtor advising the debtor of the proceeding, possible exemptions, and the

right to object and to request a hearing.   28 U.S.C. § 3202(b), (c).   However, the issues that may be raised are limited to:   (1) "the probable validity of any claim of exemption by the judgment debtor," (2) "compliance with any statutory requirement for the issuance of the postjudgment remedy granted," and (3) if the judgment is by default, the debtor may raise "the probable validity of the claim for the debt which is merged in the judgment; and the existence of good cause for setting aside such judgment."   28 U.S.C. § 3202(d)(1)-(3).   *See also United States v. Goyette*, 446 F. App'x 718, 720 (5th Cir. 2011).   "A defendant is not entitled to a hearing where he fails to show the Government did not comply with a statutory requirement, or fails to present 'a colorable claimed exemption.'"   *United States v. Tripodis*, No. 1:01-cr-109-WSD, 2016 WL 5389142, at *2 (N.D. Ga. Sept. 27, 2016).

B.      Analysis

The Application states all of the information required by § 3205(b) of the FDCPA for issuance of a writ of garnishment.   *See* Doc. 96.   Normally, the next step would be to issue the writ, with the appropriate notices and forms, and to allow the appropriate period of time for answers, objections, and/or motions.   In this instance, however, the Defendant has put the cart before the horse and filed several motions and objections, including the present motion to quash.

The Defendant is not challenging the validity of his restitution judgment, is not challenging the fact that he has missed nearly 7 years of payments, and is not challenging the fact that he refused to provide a financial disclosure statement, or otherwise assist in recovery efforts.   Nor does he argue that the Application is procedurally deficient.   Rather, he raises only two issues in his motion to quash:   (1) that the United States cannot alter or modify the $100.00 per month payment schedule set forth in the criminal judgment and cannot enforce any restitution order beyond this payment schedule; and (2) the full amount of the restitution judgment cannot become due and payable in full

unless the restitution judgment does *not* provide for installment payments.   (Doc. 98, at 2; *see also* Doc. 105, at 1-2).   Neither of these arguments fall within the category of issues that can be raised by a judgment debtor when challenging or objecting to a garnishment proceeding.   *See* 28 U.S.C. § 3202(d).   *Cf. United States v. Marchand*, Misc. No. 2:15-mc-3719-MHT-SRW, 2017 WL 2857722, at *3 (N.D. Ala. May 4, 2017) (overruling objection to a garnishment action where judgment debtor claimed he was making payments in accordance with a set payment plan; such objection is not allowable under § 3202(d)).

     And even if they were permitted to be raised, the Defendant's arguments are without merit. It appears that the Defendant is conflating his monthly payment schedule with the United States' authority to engage in separate enforcement proceedings, including a garnishment action.   As the statutory scheme detailed above makes clear, the United States is authorized to engage in garnishment proceedings in order to recover any outstanding restitution award.   18 U.S.C. § 3613(a), 28 U.S.C. § 3205(a).   This does not alter or amend the criminal judgment in this case, and the fact that a payment schedule exists does not preclude the United States from engaging in garnishment proceedings.   *See United States v. James*, 312 F. Supp. 2d 802, 806-07 (E.D. Va. 2004) (authorizing garnishment of defendant's retirement accounts to satisfy restitution award where a monthly payment schedule existed because "the existence of this schedule does not mean that the government is precluded from pursuing other avenues of ensuring that defendant's restitution obligation is satisfied.   Court-imposed payment schedules are merely one means available to enforce a restitution judgment." (footnote omitted)); *United States v. Ernst*, No. 2:06-cr-10-FtM-29DNF, 2010 WL 3746950, at *4 (M.D. Fla. Sept. 21, 2010) (noting that the United States' ability to enforce a restitution judgment, including via garnishment actions, "exists independently of any court-ordered [payment] schedule."); *United States v. Bancroft*, No. 1:09-cr-101-02, 2010 WL

4536785, at *1 (W.D. Mich. Nov. 2, 2010) ("An expanding list of Federal courts have found that, under 18 U.S.C. § 3664(m) and 3613(a), the government is not limited by judicially crafted payment plans and may freely pursue other means of securing restitution, including a writ of garnishment."); *Marchand*, 2017 WL 2857722, at *3 (authorizing garnishment action even though defendant was making payments under a court ordered payment schedule). *See also United States v. Devine*, No. 6:18-cr-137-Orl-37EJK, 2019 WL 4261886, at *3 (M.D. Fla. Aug. 22, 2019) (denying motion to quash writ of garnishment based, in part, on the fact that the judgment contained a payment schedule for the restitution award, and finding that garnishment in addition to the payment schedule is appropriate); *report and recommendation adopted*, 2019 WL 4259758 (M.D. Fla. Sept. 9, 2019); *United States v. Lazzari*, No. 8:12-cr-361-T-27TGW, 2014 WL 197739, at *2 (M.D. Fla. Jan. 15, 2014) (finding United States entitled to garnish defendant's retirement account because "a restitution payment plan does not preclude other collection methods").[1]

For these reasons, the Defendant's motion to quash (Doc. 98) will be denied. However, because the writ of garnishment has not yet been issued, and once it is issued, the statutory procedural mechanisms of 28 U.S.C. § 3202(b)-(d) will apply, the denial of the Defendant's motion will be without prejudice. If the Defendant can file a properly supported motion to quash that

---

[1] I find the Defendant's reliance upon *United States v. Martinez*, 812 F.3d 1200 (10th Cir. 2015) unpersuasive because *Martinez* is distinguishable. The defendant in *Martinez* had been in full compliance with his court-ordered payment plan, and the United States sought to garnish his retirement accounts *in addition to* the continued monthly payments. In contrast, the Defendant here has admittedly been in default on his payments for at least seven (7) years, and the United States is pursuing a garnishment application in order to recover on the restitution judgment. *See* 18 U.S.C. § 3572(i) ("A fine or payment of restitution is in default if a payment is delinquent for more than 90 days. Notwithstanding any installment schedule, when a fine or payment of restitution is in default, the entire amount of the fine or restitution is due within 30 days after notification of the default, subject to the provisions of section 3613A.").

complies with the requirements of 28 U.S.C. § 3202, he is free to do so within the time period provided.[2]

## II.    The Defendant's Remaining Motions

In addition to his motion to quash, the Defendant has filed a Claim for Exemptions and Request for Hearing or Transfer.   (Doc. 100).   The Defendant does not list any reasons or reference any authority that would suggest his wages are exempt from garnishment.   (*Id.* at 1).   Rather, he requests that his case be transferred to the Northern District of Georgia.   (*Id.* at 1-2).   In support of this request, the Defendant states that he resides in Georgia, and the United States filed a notice of lien in Fulton County, Georgia on December 10, 2018, thereby domesticating his restitution judgment in Georgia.   (Doc. 105, at 3; Doc. 105-1).   The Defendant argues, without any authority in support, that the entire restitution judgment is now subject to Georgia law for enforcement, and thus any garnishment proceedings must also abide by Georgia law.   (Doc. 105, at 3).   The Defendant also requests a hearing.   (Doc. 100).

Upon review, the Defendant's request for transfer is premature and shall be denied without prejudice on that basis.   As previously mentioned, no writ of garnishment has yet been issued, therefore the United States has not yet engaged in any debt collection proceedings that would be subject to transfer.   *See* 28 U.S.C. § 3004(b)(2).   The Defendant may reassert his request for transfer, if necessary and appropriate, pursuant to the procedural requirements set forth in 28 U.S.C. § 3004(b)(2).

---

[2]  The Defendant's unsupported request to bar any future subpoenas without prior court approval (Doc. 98, at 3) is also denied without prejudice.   *See also* 28 U.S.C. § 3015(a) (authorizing the United States to seek discovery "regarding the financial condition of the debtor in the manner in which discovery is authorized by the Federal Rules of Civil Procedure"); and Fed. R. Civ. P. 45.

The Defendant's request for a hearing will also be denied without prejudice both because it is premature given that no writ has yet been issued and no answer received, *see* 28 U.S.C. § 3205(5), and because he has not demonstrated the existence of any of the issues identified in 28 U.S.C. § 3202(d)(1)-(3). *See Tripodis*, 2016 WL 5389142, at *2; *United States v. Montgomery*, No. 5:10-cr-27-Oc-JDW-PRL (M.D. Fla. June 21, 2019) (Doc. 39); *United States v. Miller*, 588 F. Supp. 2d 789, 797-98 (W.D. Mich. 2008); *United States v. Callicutt*, No. 19-cv-2591-TLP-dkv, 2019 WL 11583432 (W.D. Tenn. Oct. 28, 2019).

Next, the Defendant requests that in lieu of the wage garnishment proceedings, he be allowed to voluntarily pay the more than seven (7) years of arrears over a 36-month period.  (Doc. 106). He provides no legal authority in support of this request, which in essence asks the Court to temporarily modify his payment schedule for the 36 months, and then have it revert back to the $100 per month schedule.  To the extent this is another attempt to object to the wage garnishment application, this is not an objection permitted under the governing statutory scheme.

Further, the United States has filed a response in opposition, in which it correctly notes that it has the right and the authority to pursue garnishment proceedings in this case.  (Doc. 111).  The United States further points out that the Defendant was in default, had not made any monthly payments for over seven years, did not make his $10,000 lump sum payment as required in the criminal judgment,[3] and refused to assist in the United States' prior attempts to collect (including refusing to answer questions and to complete a Financial Disclosure Statement).  (*Id.* at 1-2).  In addition, the Defendant has not refuted the United States' contention that his financial status has changed such that he could afford a higher monthly payment (indeed, his request to at least

---

[3] The Defendant's argument that he paid the $10,000 lump sum via the forfeiture of his condominium is not persuasive.

temporarily pay a higher amount would support the United States' position).   For these reasons, and in the absence of any legal authority to support the Defendant's request, his motion to pay the arrears over a 36-month period will also be denied without prejudice.

Last, the Defendant moves for the Court to take judicial notice of a Release of Lis Pendens which relates to a condominium located at 3407 S. Ocean Boulevard, Ph-B, Highland Beach, Florida.   (Docs. 113, 113-1).   This real property was the subject of a final order of forfeiture in this case, and both the original Notice of Lis Pendens, and the Release of Lis Pendens were previously filed in this case.   (Docs. 13, 16, 51-52).   The Defendant has not provided any argument as to why the Court should take judicial notice of the document, particularly given that it is already part of the docket for this case.   As such, the motion will be denied without prejudice.

## III.   Conclusion

Accordingly, it is **ORDERED** as follows:

(1)   The Defendant's Motion to Quash and/or Stay Writ of Garnishment (Doc. 98) is **DENIED WITHOUT PREJUDICE**.

(2)   The United States' Wage Garnishment Application (Doc. 96) is **GRANTED**.   The United States shall provide to the Clerk of Court a writ of garnishment, in paper form, that states the following (without redaction):

**(A)**   The nature and amount of the debt, and any cost and interest owed with respect to the debt.

**(B)**   The name and address of the garnishee.

**(C)**   The name and address of counsel for the United States.

**(D)**   The last known address of the judgment debtor.

**(E)**   That the garnishee shall answer the writ within 10 days of service of the writ.

**(F)**   That the garnishee shall withhold and retain any property in which the debtor has a

substantial nonexempt interest and for which the garnishee is or may become indebted to the judgment debtor pending further order of the court.

28 U.S.C. § 3205(c)(2).   The United States shall also submit with the proposed writ of garnishment an instruction explaining the requirement that the garnishee submit a written answer to the writ, and instructions to the judgment debtor for objecting to the answer of the garnishee and for obtaining a hearing on the objections.   28 U.S.C. § 3205(c)(2), (3).    The instructions to the judgment debtor should also comply with the notice requirements of 28 U.S.C. §3202(b).   The Clerk of Court is directed to issue a Writ of Garnishment that contains this information with the required supporting instructions and notice.   Following issuance of the Writ of Garnishment, the United States shall serve the garnishee and the judgment debtor with a copy of the Writ of Garnishment and supporting instructions and notice and certify to the Court that this service was made.   28 U.S.C. § 3205(c)(3).

(3)     The Defendant's Claim for Exemptions and Request for Hearing or Transfer (Doc. 100), Motion to Pay the Arrears Over a 36-month Period (Doc. 106) and Motion to Take Judicial Notice (Doc. 113) are each **DENIED WITHOUT PREJUDICE**.

(4)     The Defendant shall have the opportunity to raise any objections permitted by law, and to file any legally supportable motions, including requesting a hearing and/or transfer, within the 20-day period set forth in 28 U.S.C. § 3205(c)(5).

**DONE** and **ORDERED** in Orlando, Florida on April 20, 2021.

**LESLIE R. HOFFMAN**
**UNITED STATES MAGISTRATE JUDGE**