# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                          **CASE NO: 6:06-cr-22-ACC-LRH**

**JASON E. MADOW**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO STAY OF ISSUANCE OF WRIT OF GARNISHMENT PENDING APPEAL (Doc. No. 115)** |
| **FILED:** | April 20, 2021 |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

On April 20, 2021, the Court entered an Order granting the United States' application for a writ of garnishment, and denying without prejudice several motions filed by the Defendant in opposition to the Application. (Doc. 114). That same day, the Defendant filed the present "Motion to Stay of Issuance of Writ of Garnishment Pending Appeal." (Doc. 115). The Defendant, without any legal authority in support, seeks to stay the Court's Order granting the application for writ of garnishment, and all further garnishment proceedings, "pending the outcome of the appeal to the 11th Circuit Court of Appeals." (*Id.*). However, it does not appear that the Defendant has filed a notice of appeal. In addition, the United States has not yet responded to the motion, and the time for doing so has not expired. However, the Court does not require a response in order to rule on the motion.

For an order to be appealable, it must be final. *See* 28 U.S.C. §1291. However, "[w]rits of garnishment and orders denying relief from such writs are not appealable; typically, there is no appellate jurisdiction until the district court enters an order directing the disposition of the property." *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 743, n. 25 (11th Cir. 2014) (citing *United States v. Branham*, 690 F.3d 633, 635 (5th Cir. 2012). Pursuant to 28 U.S.C. § 3205(c)(7), it is only after a writ of garnishment has been issued, the garnishee has answered, and the court has held a hearing (if one is required and granted), that the court may enter a final order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in the property. Only at that point would the matter become appealable. *See Branham*, 690 F.3d at 635. None of these events have yet occurred in this case, therefore there is nothing for the Defendant to appeal. And in turn, there is no basis to stay any proceedings.

Accordingly, the Defendant's Motion to Stay (Doc. 115) is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on April 21, 2021.

_____
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE