# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                                       **CASE NO: 6:06-cr-22-ACC-LRH**

**JASON E. MADOW**

## ORDER

This cause comes before the Court on review of Defendant Jason E. Madow's Request for Review ("Objections") to the Magistrate Judge's Order dated April 20, 2021, which directed the Clerk to issue a writ garnishing Defendant's wages on behalf of the United States. (Doc. 124). Defendant (prematurely) seeks relief from the writ of garnishment although the writ has not yet issued. Defendant's Objections will be overruled without prejudice to assertion at the appropriate time, and the Clerk will be directed to issue the writ of garnishment.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

Defendant and one other individual were charged in a one-count information with conspiracy to commit wire fraud in violation of 18 U.S.C. § 371. (Doc. 1). On March 2, 2006, pursuant to a written plea agreement, Defendant entered a plea of guilty to the sole count contained in the information for engaging in a complex scheme to defraud JP Morgan Chase Bank and Old Standard Life Insurance Company by making material false statements for the purpose of obtaining loans to purchase commercial hotel properties. (Doc. 12). The guilty plea was accepted,

Defendant was adjudicated guilty of conspiracy to commit wire fraud, and he was sentenced on May 19, 2006 to a 41-month term of imprisonment, followed by a three-year term of supervised release. (Docs. 42, 47). Defendant was also ordered to make restitution to victim JP Morgan Chase Bank in the amount of $34,744,511.00. (*Id*. at 5). The Judgment provides that upon release from custody, the Defendant will make payments of $100.00 per month and "this payment schedule shall continue until such time as the Court is notified by [the Defendant], the victim, or the government that there has been a material change in [the Defendant's] ability to pay." (*Id.*). After he was sentenced, Defendant filed a direct appeal, and the Eleventh Circuit dismissed the appeal based on the valid appeal waiver contained in Defendant's plea agreement. (Doc. 65). Since the time he was sentenced in 2006, the Defendant, proceeding *pro se*, has unsuccessfully sought to be relieved from the restitution portion of his Judgment on several occasions. (*See* Docs. 67-69, 75, 82, 85-86, 88, 89, 94). On August 31, 2009, the Court denied Defendant's Motion seeking an evidentiary hearing to contest the restitution amount based on JP Morgan's asset declaration because "Defendant failed to challenge the calculation of restitution before this Court or on direct appeal." (Doc. 88 at 2) (citing *Cani v. United States*, 331 F.2d 1210, 1213-14 (11th Cir. 2003) (holding that restitution calculations may not be challenged for the first time in a collateral proceeding, absent exceptional circumstances)).

Eleven years later, on November 10, 2020, the Government filed a Wage Garnishment Application. (Doc. 96). Defendant was released from custody in 2012, and by 2020 was earning approximately $4,375.00 per month; the Government contends this represents a "material change" in the Defendant's ability to pay since his time in custody. (*Id.*). As of November 10, 2020, the balance of the restitution portion of the Defendant's criminal judgment, including more than $25 million in accrued interest, is $59,955,386.71. (*Id*. at 1-2).

While in custody, from August 2010 through May 2012, Defendant consistently made his $100 monthly payments (Doc. 96 at 2; Doc. 103 at 3). However, coinciding with the termination of his supervised release in June 2012, Defendant ceased making monthly payments from 2012 to 2019. (*See* Doc. 106). The Government issued a demand letter to Defendant on January 29, 2019, along with a request for a financial disclosure statement. (Doc. 96 at 2). Defendant could not pay the full restitution amount which became due upon his default and, the Government contends, he refused to submit a financial disclosure statement. (*Id*.). Therefore, the Government subsequently subpoenaed the Defendant's financial records and credit line applications, thereby discovering Defendant's current employment and earnings of approximately $4,375.00 per month. (*Id.*).

On November 10, 2020, the Government requested that a wage garnishment be issued to Defendant's employer, HomeOwners Advantage, to compel his employer to pay to the Government either 25% of his weekly disposable income, or

the amount by which his weekly income exceeds 30 times the federal minimum wage ($7.25). (*Id.* at 2-3 (citing 15 U.S.C. § 1673 and 28 U.S.C. § 3002(9))).

In response to the Government's request, Defendant filed several motions: (1) an Emergency Motion to Appoint Public Defender and Motion to Quash and/or Stay Writ of Garnishment (Doc. 98); (2) a Request for Hearing or Transfer and Claim for Exemptions (Doc. 100); (3) an "Objection to Answer of Plaintiff's Motion for Writ of Garnishment, Motion to Support Transfer of Venue, and Issuance of Subpoenas Without Prior Court Approval" (Doc. 105); and (4) a "Motion for Relief," in which he requests that he be allowed to voluntarily pay the arrears for his restitution over a 36-month period. (Doc. 106).[1] Magistrate Judge Hoffman denied Defendant's request for appointment of counsel and deferred a ruling on the remaining portion of the Defendant's Motion to Quash, ordering the Government to respond. (Doc. 99). The Government filed timely responses in opposition to the other Motions and to Defendant's proposed arrearage plan. (Docs. 101, 103, 111).

Following full briefing of the issues, Magistrate Judge Hoffman ultimately granted the wage garnishment application authorizing issuance of the writ and denied Defendant's remaining Motions without prejudice because they put "the cart before the horse":

> The Defendant is not challenging the validity of his restitution judgment, is not challenging the fact that he has missed nearly 7 years of payments, and is not challenging the fact that he refused to provide

---

[1] Defendant also filed an unauthorized reply to the United States' response to the Defendant's proposed arrearage plan (Doc. 112) and a Motion to Take Judicial Notice of the United States' receipt of $150,000 in net proceeds from the sale of a condominium (Doc. 113).

a financial disclosure statement, or otherwise assist in recovery efforts. Nor does he argue that the Application is procedurally deficient. Rather, he raises only two issues in his motion to quash: (1) that the United States cannot alter or modify the $100.00 per month payment schedule set forth in the criminal judgment and cannot enforce any restitution order beyond this payment schedule; and (2) the full amount of the restitution judgment cannot become due and payable in full unless the restitution judgment does *not* provide for installment payments. (Doc. 98, at 2; *see also* Doc. 105, at 1-2). Neither of these arguments fall within the category of issues that can be raised by a judgment debtor when challenging or objecting to a garnishment proceeding. *See* 28 U.S.C. § 3202(d). . . .

And even if they were permitted to be raised, the Defendant's arguments are without merit. It appears that the Defendant is conflating his monthly payment schedule with the United States' authority to engage in separate enforcement proceedings, including a garnishment action. As the statutory scheme detailed above makes clear, the United States is authorized to engage in garnishment proceedings in order to recover any outstanding restitution award. 18 U.S.C. § 3613(a), 28 U.S.C. § 3205(a). This does not alter or amend the criminal judgment in this case, and the fact that a payment schedule exists does not preclude the United States from engaging in garnishment proceedings. . . .

For these reasons, the Defendant's motion to quash (Doc. 98) will be denied. However, because the writ of garnishment has not yet been issued, and once it is issued, the statutory procedural mechanisms of 28 U.S.C. § 3202(b)-(d) will apply, the denial of the Defendant's motion will be without prejudice. If the Defendant can file a properly supported motion to quash that complies with the requirements of 28 U.S.C. § 3202, he is free to do so within the time period provided. . . .

In addition to his motion to quash, the Defendant has filed a . . . Request for Hearing or Transfer. (Doc. 100). The Defendant does not list any reasons or reference any authority that would suggest his wages are exempt from garnishment. (*Id*. at 1). Rather, he requests that his case be transferred to the Northern District of Georgia. (*Id*. at 1-2). In support of this request, the Defendant states that he resides in Georgia, and the United States filed a notice of lien in Fulton County, Georgia on December 10, 2018, thereby domesticating his restitution judgment in Georgia. (Doc. 105, at 3; Doc. 105-1). The Defendant argues, without

any authority in support, that the entire restitution judgment is now subject to Georgia law for enforcement, and thus any garnishment proceedings must also abide by Georgia law. (Doc. 105, at 3). . . .

Upon review, the Defendant's request for transfer is premature and shall be denied without prejudice on that basis. As previously mentioned, no writ of garnishment has yet been issued, therefore the United States has not yet engaged in any debt collection proceedings that would be subject to transfer. *See* 28 U.S.C. § 3004(b)(2). The Defendant may reassert his request for transfer, if necessary and appropriate, pursuant to the procedural requirements set forth in 28 U.S.C. § 3004(b)(2). . . .

Next, the Defendant requests that in lieu of the wage garnishment proceedings, he be allowed to voluntarily pay the more than seven (7) years of arrears over a 36-month period. (Doc. 106). He provides no legal authority in support of this request, which in essence asks the Court to temporarily modify his payment schedule for the 36 months, and then have it revert back to the $100 per month schedule. To the extent this is another attempt to object to the wage garnishment application, this is not an objection permitted under the governing statutory scheme.

Further, the United States has filed a response in opposition, in which it correctly notes that it has the right and the authority to pursue garnishment proceedings in this case. (Doc. 111). The United States further points out that the Defendant was in default, had not made any monthly payments for over seven years, did not make his $10,000 lump sum payment as required in the criminal judgment, and refused to assist in the United States' prior attempts to collect (including refusing to answer questions and to complete a Financial Disclosure Statement). (*Id*. at 1-2). In addition, the Defendant has not refuted the United States' contention that his financial status has changed such that he could afford a higher monthly payment (indeed, his request to at least temporarily pay a higher amount would support the United States' position). For these reasons, and in the absence of any legal authority to support the Defendant's request, his motion to pay the arrears over a 36-month period will also be denied without prejudice.

Last, the Defendant moves for the Court to take judicial notice of a Release of Lis Pendens which relates to a condominium located at 3407 S. Ocean Boulevard, Ph-B, Highland Beach, Florida. (Docs. 113,

> 113-1). This real property was the subject of a final order of forfeiture in this case, and both the original Notice of Lis Pendens, and the Release of Lis Pendens were previously filed in this case. (Docs. 13, 16, 51-52). The Defendant has not provided any argument as to why the Court should take judicial notice of the document, particularly given that it is already part of the docket for this case. As such, the motion will be denied without prejudice.

(Doc. 114 at 6-9 (citations omitted)). Defendant moved to stay issuance of the garnishment pending appeal, which Judge Hoffman denied on April 22, 2021. As an initial matter, Defendant had not filed a notice of appeal at the time. Additionally, an order denying relief from a writ of garnishment is not a final and appealable order. (Doc. 116 at 2 (citing *United States v. Branham*, 690 F.3d 633, 635 (5th Cir. 2012))).

Disregarding Judge Hoffman's prescient ruling that "orders on garnishments are not appealable," Defendant proceeded to file an appeal on April 23, 2021 from "the District Court's order" dated April 20, 2021, although the order was a non-dispositive order of the Magistrate Judge. (Doc. 118). As predicted, on May 26, 2021, the Eleventh Circuit issued an opinion and mandate (Doc. 122) dismissing *sua sponte* Defendant's appeal for lack of jurisdiction because it was not appealable:

> Jason Madow appeals from a magistrate judge's April 20, 2021 order granting the government's wage garnishment application and also denying Madow's motion to quash or stay writ of garnishment, motion to transfer, and several other post- judgment motions. The magistrate judge's April 20, 2021 order *is not final or otherwise immediately appealable because the district court had not yet adopted nor rendered it final at the time Madow filed the notice of appeal*. See *Perez-Priego v. Alachua Cty. Clerk of Court*, 148 F.3d 1272, 1273 (11th Cir. 1998); *Donovan v. Sarasota Concrete Co.*, 693 F.2d 1061, 1066-67 (11th Cir. 1982). Thus, the district court had not been given an opportunity to effectively review the magistrate judge's order and we cannot hear appeals "directly from federal magistrates."

> *See United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009). Accordingly, we lack jurisdiction over this appeal.

(*Id.* (emphasis added)). *See* 28 U.S.C. 636(b); *cf. Regions Bank v. Hyman*, 91 F. Supp. 3d 1234 (M.D. Fla. 2015) (reviewing magistrate judge's recommendation to dissolve post-judgment writs of garnishment in a civil case under Fed. R. Civ. P. 69), *aff'd sub nom. Regions Bank v. G3 Tampa, LLC,* 766 F. App'x 772 (11th Cir. 2019); *Branham*, 690 F.3d at 635.

Upon remand from the Eleventh Circuit, on June 21, 2021, the Court ordered Defendant Madow to file his objections to the Magistrate Judge's April 20, 2021 Order (Doc. 114), which had granted the Government's Wage Garnishment Application (Doc. 96) and denied without prejudice the relief Defendant sought (Docs. 98, 100, 106). (Doc. 123). This Court emphasized that "Defendant's objections shall be limited to those issues addressed in the Magistrate Judge's April 20, 2021 Order." (*Id.*). On June 30, 2021, Defendant filed his Objections to the Magistrate Judge's April 20, 2021 Order. (Doc. 124).[2]

## II. ANALYSIS

### A. Standard for Review of Magistrate Judge's Non-Dispositive Order

Under Rule 59, "a district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense." Fed. R. Crim. P. 59(a). A party may serve and file objections to a magistrate judge's order

---

[2] The Government was granted leave to file a separate response to Defendant's Objections if it chose to do so. (Doc. 123).

on a non-dispositive matter within fourteen days after service of the written order or an oral order stated on the record. *Id.* When a party objects to a non-dispositive order of a magistrate judge, "[t]he district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." *Id.*; 28 U.S.C. § 636(b)(1)(A). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *S.E.C. v. Kramer*, 778 F. Supp. 2d 1320, 1326-27 (M.D. Fla. Apr. 1, 2011) (internal citations and quotation marks omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* at 1327 (internal citations and quotation marks omitted).

### B. Defendant's Arguments

As Magistrate Judge Hoffman previously noted, Defendant is not challenging the validity of his restitution judgment or the Government's representations that he missed seven years of payments, that he refused to provide a financial disclosure statement or assist in recovery efforts, or that the Government's garnishment application is procedurally sufficient. (Doc. 114 at 6). Defendant does not challenge these issues in his current Objection and admits that $7,200 is in arrears. (Doc. 124). However, he requests a payment plan of no more than $200 monthly (in addition to the $100 due monthly) for 36 months to catch up without issuance of the writ. (*Id.*). Defendant contends that, "in no way is [he] trying

to evade his responsibility" set forth in the Court's Judgment, but maintains his opposition to issuance of a writ of wage garnishment to his employer.

Defendant asserts three arguments: (1) the Application lacks a certification from the Government "that the victim or victims owed restitution by the defendant have been notified of the change in circumstances"; (2) he "has refused to submit a financial disclosure statement" because the form says at the bottom that "disclosure of the information is *voluntary*"; and (3) his failure to pay the monthly obligation of $100 "was not willful" and once he "received his monthly statement, he dutifully paid what was due." (*Id.* at 1-2). None of Defendant's arguments challenge Judge Hoffman's determination that the Government was properly entitled to a writ of garnishment for the restitution amount due and that Defendant's motions concerning the writ were without merit and premature.

## C. *Writ of Garnishment*

The Government filed the Wage Garnishment Application to satisfy Defendant's outstanding restitution judgment under 18 U.S.C. § 3613(a), which permits enforcement of a criminal judgment imposing a fine or restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal or State law." 18 U.S.C. § 3613(a). *See also* 18 U.S.C. § 3613(f) ("[A]ll provisions of this section are available to the United States for the enforcement of an order of restitution."). Under § 3613(c), upon entry of the Judgment, a lien arose against all Defendant's property and rights to property for

the amount owed in restitution. *See United States v. Goyette*, 446 F. App'x 718, 720 (5th Cir. 2011) (citing 18 U.S.C. § 3613(c)).

The Government, pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001 *et seq.*, sought issuance of a wage garnishment to Defendant's employer for substantial nonexempt property belonging to or due to Defendant. (Doc. 96). The FDCPA "provides the exclusive civil procedures for the United States to obtain satisfaction of a judgment in a criminal proceeding that imposes a fine, assessment, penalty, or restitution in favor of the United States." *United States v. Peters*, 783 F.3d 1361, 1363 (11th Cir. 2015) (quoting 28 U.S.C. §§ 3001(a)(1), 3002(3)(B), 3002(8); other citations omitted). Under the FDCPA, "[a] court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). Section 3202 specifies, in a proceeding to enforce the judgment, that a notice must be served on the judgment debtor which advises the debtor of the proceeding, potential exemptions, and the right to object and to request a hearing or transfer to the district in which the debtor resides. 28 U.S.C. § 3202(b), (c).

Following issuance of the writ, the judgment debtor may request a hearing; however, the *only* issues the debtor may raise at the hearing after the writ issues are the "validity of any claim of exemption" and "compliance with any statutory

requirement for the issuance of the post-judgment remedy granted." 28 U.S.C. § 3202(d)(1), (2).[3] *See Goyette*, 446 F. App'x at 720 (holding criminal defendant-judgment debtor could not collaterally attack the amount of restitution owed because the only issues he was permitted to raise concerned exemptions and noncompliance with statutory requirements for writ); *United States v. Tripodis*, No. 1:01-cr-109-WSD, 2016 WL 5389142, at *2 (N.D. Ga. Sept. 27, 2016) ("A defendant is not entitled to a hearing where he fails to show the Government did not comply with a statutory requirement, or fails to present 'a colorable claimed exemption.'").

In this case, Judge Hoffman granted the Government's Wage Garnishment Application, ordering: (1) the Government to provide the Clerk of Court with a writ that contained the statutory notices including instructions for the judgment debtor to object to the garnishee's answer and to obtain a hearing on the objection; (2) the Clerk of Court to issue the writ once submitted; and (3) the Government to serve the writ and certify in a filing that service had been made. (Doc. 114 at 11-12 (citing 28 U.S.C. § 3205(c)(2), (3) & § 3202(b)). All other relief sought by Defendant was denied without prejudice as premature with the notation that "[t]he Defendant shall have the opportunity to raise any objections permitted by law, and to file any legally supportable motions, including requesting a hearing and/or transfer, within the 20-

---

[3] A third issue a debtor may raise in the context of a default judgment is not relevant in this case. 28 U.S.C. § 3202(d)(3).

day period set forth in 28 U.S.C. § 3205(c)(5)." (*Id.* at 12). However, the writ of garnishment never issued due to Defendant's improvident appeal of Judge Hoffman's non-final order to the Eleventh Circuit—and despite Judge Hoffman's denial of Defendant's Motion for Stay pending that appeal—because this Court lost jurisdiction while the case was on appeal.

The Court now turns to Defendant's Objections, which are either without merit or remain premature because the writ of garnishment never issued. To the extent that Defendant argues Judge Hoffman "erroneously" determined that he had not paid the $10,000 fine due at the time of Judgment (Doc. 47) or that Defendant challenges the amount of "monies received by the Government," such arguments relate to calculation of the amount Defendant currently owes. Notwithstanding his arguments that the amount he still owes should be reduced, the amount of restitution currently owed indisputably remains in the *tens of millions* of dollars.

Defendant argues that his failure to pay for seven years was not voluntary or willful and was merely an oversight on his part. (Doc. 124). The Government contends that Defendant failed to make the $10,000 lump-sum payment, missed 81 monthly payments resulting in an arrearage of more than $18,100, was not cooperative in paying his restitution debt until the garnishment application was filed, and refused to submit the financial disclosure statement twice. (Doc. 111). The Government argues that the $325 per month Defendant has offered to pay over a 36-month period to clear the arrearage is less than half the relief requested in the

writ of garnishment and that payment plans should be for the shortest time in which the payment of the debt can reasonably be made. (*Id.*at 3 (citing 18 U.S.C. § 3572(d)(2) ("[T]he length of time over which scheduled payments will be made shall be set by the court, but shall be the shortest time in which full payment can reasonably be made."))). Defendant's debt will expire on June 19, 2029, the Government argues, and there is no basis to justify allowing him to "make nominal payments in lieu of the wage garnishment when he has the ability to pay significantly more"; Defendant's proposed reduced payment plan will be only $18,200 toward his judgment when he has the ability to pay closer to $84,000. (*Id.*).

The Court finds that whether Defendant's failure to pay in monthly instalments for seven years was an "oversight" or "unknowing"[4] would not impact the Government's entitlement to the writ of garnishment. Under the Mandatory Victim Restitution Act ("MVRA"), this Court may "adjust the payment schedule . . . as the interests of justice require," if there has been "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k). A payment that is more than ninety days late is in default; when a defendant defaults on a payment plan for restitution, the defendant must pay "the entire amount" of the restitution, "notwithstanding any installment schedule." 18 U.S.C. § 3572(i). It is undisputed that Defendant

---

[4] Defendant's admitted refusal to cooperate in providing a financial statement when requested by the Government hardly seems "unknowing" or "merely following directions" as Defendant argues. (Doc. 124 at 1-2).

defaulted on his monthly payment plan and owes at least seven-years' worth of arrearage.

Because Defendant has defaulted, the Court is required to order full restitution under the MVRA without considering the defendant's financial situation as long as the amount sought does not exceed the maximum permitted by statute. *See, e.g., United States v. Miller*, 588 F. Supp. 2d 789, 798 (W.D. Mich. 2008) ("[W]hen the government seeks garnishment through the [FDCPA] as here, no payment schedule is called for. . . . If the Court enters the proposed order of garnishment, the United States may seize only twenty-five percent, the maximum permitted by statute."). The amount of nonexempt disposable earnings that may be applied toward Defendant's restitution judgment is (1) 25% of his weekly disposable income, or (2) the amount by which his weekly income exceeds 30 times the federal minimum wage. 15 U.S.C. § 1673 and 28 U.S.C. § 3002(9). (Doc. 96 at 3; Doc. 111 at 5). To the extent Defendant contests the calculation of the full amount of restitution he owes, the Court has already rejected Defendant's collateral attack on the calculation of restitution (*see* Doc. 99) and will not revisit that issue. Defendant's Objections to the issuance of the Government's Wage Garnishment Application is overruled.

Defendant argues, for the first time in his Objection, that the writ should not issue because the Government has failed to certify that the victim in this case, JP Morgan, was notified of Defendant's "change in circumstances." (Doc. 124 at 1).

The statute requires "the Attorney General [to] certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances." 18 U.S.C. § 3664(k). While it appears that a requirement for the Government to certify notification to the victim of the defendant's "change in circumstances" would be relevant when the restitution payments are proposed to *decrease*, it would appear unnecessary when the victim will benefit from collection of an *increased* amount of restitution. Moreover, the lack of such certification is easily cured because the Government need only certify that notification to the victim was provided before the writ issues. *United States v. Dye*, 48 F. App'x 218, 220 (8th Cir. 2002) (holding that the Government satisfied its statutory duty by notifying victims when it filed the motion for the writ or shortly thereafter and was not required to contact them before filing its writ application). Judge Hoffman was correct in finding that consideration of statutory compliance is premature until the writ of garnishment issues and Defendant files a request for a hearing to quash the writ.

Consideration of Defendant's request to transfer any hearing on his objections to the Government's writ of garnishment to Georgia is similarly premature. Judge Hoffman properly determined that "Defendant's request for transfer is premature and shall be denied without prejudice on that basis" because no writ of garnishment had yet been issued; thus, the Government had "not yet engaged in any debt collection proceedings that would be subject to transfer." (Doc.

114 at 9). She held that, because it was premature, "Defendant could reassert his request for transfer, if necessary and appropriate, pursuant to the procedural requirements set forth in 28 U.S.C. § 3004(b)(2))." (*Id.*). This determination is a correct application of the statute, and Defendant's objections with regard to holding a hearing or seeking transfer to Georgia are premature; therefore his objections in this regard are overruled.

Based on the foregoing, it is ordered as follows:

1. Defendant's Objections (Doc. 124) to the Magistrate Judge's April 20, 2021 Order directing the Clerk to issue the writ of garnishment are **OVERRULED**.

2. The Government is **ORDERED** to file a certification in the docket that it has notified the victim of Defendant's "change in circumstances" by the time it submits the proposed writ of garnishment.

3. The Clerk is directed to issue the writ of garnishment compliant with the requirements in Magistrate Judge Hoffman's Order dated April 20, 2021 (Doc. 114).

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 6, 2022.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record