UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No. 6:06-cr-22-Orl-22LRH

JASON E. MADOW

### NOTIFICATION TO VICTIM REGARDING DEFENDANT'S FINANCIAL CIRCUMSTANCES

Pursuant to this Court's Order (Doc. 125), on January 14, 2022, the United States notified the victim regarding Madow's employment and that the United States is seeking a wage garnishment. (Attached as Exhibit 1). The United States had not previously notified the victim of a change in the defendant's financial circumstances because did not believe it was necessary in light of the relief sought – specifically, because the United States has not requested the Court to alter the Defendant's Schedule of Payments pursuant to 18 U.S.C. § 3664(k), [1] but rather is utilizing one of its available remedies – a wage garnishment pursuant to 18 U.S.C. § 3613 and 28 U.S.C. §§ 3002, 3202, and 3205 of the Federal Debt Collection Procedures Act (FDCPA).

---

[1] The Defendant first raised his court-ordered payment plan when arguing that he should be permitted to catch up on his arrearage and continue making minimal payments to avoid the garnishment altogether. Doc. 105. In response, the United States noted that he has a greater ability to pay than the court-ordered minimum payments, but still sought the wage garnishment under its statutory ability to collect the restitution. Doc. 111 at p. 5.

The section in question provides:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3664(k). In *United States v. Dye*, the United States asked the court to order that certain assets be turned over to the victims pursuant to 18 U.S.C. § 36644(k) under the court's authority to fashion a payment schedule. The basis for the turnover was a change under § 3664(k), arguing that the seized assets constituted a material change in the defendant's financial circumstance, and thus, the defendant raised the issue of victim notification. 48 Fed. Appx. 218, 219-220 (8th Cir. 2002).

The United States' enforcement remedies are multiple and cumulative, allowing the United States to move *in personam* against a debtor to enforce the sentencing court's payment plan and, as in this case, to move *in rem* against a debtor's property by garnishing non-exempt assets. *See* 18 U.S.C. § 3664(m)(1)(A);

*see also United States v. Lawrence*, 538 F. Supp. 2d 1188, 1193 (D. S.D. 2008) ("It is important to keep in mind that a court ordered payment schedule is an enforcement remedy that operates *in personam* against a defendant.... By contrast, the post-judgment remedies available to the Government operate *in rem* against a defendant's property.... Defendant's claim, that the Government is forever bound beholden to a court ordered payment plan, not only is without merit, but also makes no practical sense.").

Indeed, in this district, courts have held that a defendant's compliance with a monthly payment schedule is no impediment to collection of the restitution due via offset or a writ of garnishment. *See, e.g., United States v. Heins*, No. 3:14-cr-55-J-22JBT, Doc .275 (denying defendant's request for relief from offsets of his tax refunds where judgment set monthly payment); *United States v. Couturier*, No. 3:01-cr-251-J-25MCR, Doc. 2392 (rejecting TOP challenge based on defendant's argument that government could only collected monthly payment amount); *United States v. Lazzari*, No. 8:12-cr-361-T-27TGW, 2014 WL 197739 (M.D. Fla. Jan. 15, 2014) (government can pursue other enforcement remedies, including garnishment, despite existence of payment plan in judgment); Order at pp.2-3.

The United States has now notified the victim, and a final order of garnishment has not yet been entered. Once the Garnishee responds to the writ, the United States must wait the requisite time after the Garnishee files its answer before moving for a final order of garnishment pursuant to 18 U.S.C. § 3205(c)(7).

Respectfully submitted,

ROGER HANDBERG
United States Attorney

By: *s/ Julie A. Simonsen*
JULIE A. SIMONSEN
Assistant United States Attorney
Florida Bar Number 70647
Financial Litigation
400 North Tampa Street, Suite 3200
Tampa, FL 33602
Telephone: (813) 274-6038
Facsimile: (813) 274-6247
E-mail: FLUDocket.mailbox@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties of record and via U.S. Mail to:

Jason E. Madow
Alpharetta, GA 30022

JP Morgan Chase Bank, N.A.
Attn: Ronald Wilcox
270 Park Ave., 39th Floor
New York, New York 10017

HomeOwners Advantage
Attn: Legal Department
817 W. Peachtree Street, NW, Suite 310
Atlanta, GA 30308

*s/ Julie A. Simonsen*
Assistant United States Attorney