No. 22-10074-F

# In the
# United States Court of Appeals
# for the Eleventh Circuit

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JASON E. MADOW,
*Defendant-Appellant*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
NO. 6:06-CR-22-ACC-LRH-2

## UNITED STATES' MOTION TO DISMISS

ROGER B. HANDBERG
United States Attorney

DAVID P. RHODES
Assistant United States Attorney
Chief, Appellate Division

ROBERTA JOSEPHINA BODNAR
Assistant United States Attorney
Appellate Division
Florida Bar No. 986909
35 S.E. 1st Ave., Ste. 300
Ocala, FL 34471
(352) 547-3600

March 9, 2022

**Exhibit A**

*United States v. Jason Madow*
No. 22-10074-F

## Certificate of Interested Persons
## and Corporate Disclosure Statement

The following persons and entity have an interest in the outcome of this case:

1. Albritton, A. Brian, former United States Attorney;

2. Andrejko, Nicole M., Assistant United States Attorney;

3. Baker, Hon. David A., United States Magistrate Judge;

4. Bodnar, Roberta Josephina, Assistant United States Attorney;

5. Conway, Hon. Anne C., United States District Judge;

6. Eckhart, Daniel W., former Assistant United States Attorney;

7. Gable, Karen L., former Assistant United States Attorney;

8. Handberg, Roger B., United States Attorney;

9. Hoffman, Hon, Leslie R., United States Magistrate Judge;

10. Hoppmann, Karin, former Acting United States Attorney;

11. Jewell, Jillian M., Assistant United States Attorney;

12. JP Morgan Chase Bank (ticker symbol: JPM);

13. Klindt, Hon. James R., United States Magistrate Judge (interested solely in his capacity as former United States Attorney for the Middle District of Florida);

14. Lopez, Maria Chapa, former United States Attorney;

15. Madow, Jason E., defendant-appellant;

C-1 of 2

*United States v. Jason Madow*
No. 22-10074-F

16. O'Neill, Robert E., former United States Attorney;

17. Perez, Paul I., former United States Attorney;

18. Rhodes, David P., Assistant United States Attorney, Chief, Appellate Division;

19. Roderman, Barry G., Esq.;

20. Rosenbaum, Richard L., Esq.;

21. Simonsen, Julie, Assistant United States Attorney; and

22. Willing, Patricia A., former Assistant United States Attorney.

# In the United States Court of Appeals
# for the Eleventh Circuit

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee*,

v.                                                                  No. 22-10074-F

JASON E. MADOW,
    *Defendant-Appellant*

## United States' Motion to Dismiss

The United States moves to dismiss this appeal, in which Jason E. Madow challenges a district court order granting the United States' application for a writ of garnishment to Homeowner's Advantage to enforce Madow's outstanding restitution judgment and denying without prejudice Madow's various procedural motions. This appeal is moot because Madow no longer is employed by Homeowner's Advantage, so Homeowner's Advantage no longer possesses property that may be used to satisfy Madow's judgment.

### I.   Course of Proceedings

In 2006, Madow pleaded guilty under a plea agreement to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371. Docs. 12, 26. The district court sentenced him to serve 41 months' imprisonment followed by 3 years' supervised release and ordered him to pay $34,744,511 in restitution. Docs. 42,

47. In the judgment, the court directed Madow, on release from custody, to make payments of $100 per month "until such time as the Court is notified by [Madow], the victim, or the government that there has been a material change in [Madow's] ability to pay." Doc. 47 at 5.

Madow subsequently challenged the restitution portion of the judgment, without success. *See, e.g.,* Docs. 67–69, 75, 82, 85–86, 88–89, 94. After his term of supervised release expired, he stopped making monthly payments. *See* Docs. 103, 106.

In November 2020, after learning that Madow was earning approximately $4,375 per month in wages from Homeowner's Advantage and that, therefore, his ability to pay restitution had materially changed, the United States requested that the district court issue a writ of wage garnishment under 28 U.S.C. § 3205 to Homeowner's Advantage, directing it to pay to the United States either 25 percent of Madow's weekly income or the amount by which his weekly income exceeded the federal minimum wage.[1] Doc. 96. Madow filed a succession of procedural motions, including requests for the appointment of counsel, a hearing, and transfer to another district, along with a proposal to pay nearly seven years' worth of delinquent payments and a

---

[1]By November 2020, the balance of the restitution obligation, including more than $25 million in accrued interest, was $59,955,386.71. Doc. 96 at 1–2; Doc. 125 at 3.

motion to quash. *See, e.g.,* Docs. 98, 100, 105–106.

A United States Magistrate Judge granted the application for the writ, Doc. 114, and Madow appealed, Doc. 118. This Court dismissed the appeal sua sponte, explaining that writs of garnishment are not final, appealable orders until the district court enters an order directing the disposition of property obtained under the writ. Doc. 122 (citing *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 743 n.25 (11th Cir. 2014)).

Following remand, the district court overruled Madow's various objections and granted the United States' application for a writ of garnishment. Doc. 125; *see* Doc. 126. This is Madow's appeal from that order. *See* Docs. 128–29, docket entry following 130.

Homeowner's Advantage, the garnishee, subsequently filed its answer, stating that Madow was no longer employed by Homeowner's Advantage and it no longer possessed any funds owed to Madow. Doc. 133. In response, the United States moved in the district court to terminate the writ of garnishment. Doc. 134. Noting that Madow's appeal was premature and that the order granting the writ was non-final, the district court ruled, nonetheless, that Madow's notice of appeal had deprived it of jurisdiction. Doc. 135. Accordingly, the court directed the United States to notify this Court that the issue at the center of the dispute over the writ of garnishment is moot and that

3

it seeks to terminate the writ. Doc. 135.

## II.  Memorandum of Law

As in Madow's previous appeal, Doc. 122, this Court lacks jurisdiction because the order Madow appeals is not final and appealable, *see Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 743, n. 25 (11th Cir. 2014). Moreover, the appeal is moot because Homeowner's Advantage does not possess any funds owed to Madow.

Article III, Section 2 of the United States Constitution limits federal court jurisdiction to actual cases and controversies. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). To satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, demonstrate an actual injury which is likely to be redressed by a favorable judicial decision. *Id.* Generally, a case becomes moot when issues are no longer "live" or the parties "lack a legally cognizable interest in the outcome" of the case. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982).

Accordingly, "'[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.'" *Soliman v. United States*, 296 F.3d 1237, 1242 (11th Cir. 2002) (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001)). "[D]ismissal is required because mootness is jurisdictional." *Id.*

Because Homeowner's Advantage no longer employs Madow and does not owe him any wages, there is no property that may be obtained under the writ of garnishment. The appeal, therefore, is moot. *See Soliman*, 296 F.3d at 1242.

## Conclusion

Therefore, this Court should dismiss this appeal.

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney

        DAVID P. RHODES
        Assistant United States Attorney
        Chief, Appellate Division

By:  *s/ Roberta Josephina Bodnar*
      ROBERTA JOSEPHINA BODNAR
      Assistant United States Attorney
      Appellate Division
      Florida Bar No. 986909
      35 S.E. 1st Ave., Ste. 300
      Ocala, FL 34471
      (352) 547-3600
      roberta.bodnar@usdoj.gov

## Certificate of Compliance with Type-Volume Limitation

This motion, which contains 866 countable words, complies with Fed. R. App. P. 27(d)(2)(A) and Fed. R. App. P. 32(a)(5), (6).

## Certificate of Service

I certify that a copy of this motion and the notice of electronic filing was sent by United States mail on March 9, 2022, to:

JASON MADOW
10695 Weir Way
Alpharetta, GA 30022

*Defendant-appellant, pro se*

                                           *s/ Roberta Josephina Bodnar*
                                           ROBERTA JOSEPHINA BODNAR
                                           Assistant United States Attorney